United States District Court
Southern District of Texas
FILED

OCT 0 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA LOPEZ | § | |
| | § | |
| | § | B-03-179 |
| VS. | § | CIVIL ACTION NO._____ |
| | § | (JURY REQUESTED) |
| CAMERON COUNTY, TEXAS AND | § | |
| CONRADO CANTU, SHERIFF OF | § | |
| CAMERON COUNTY, TEXAS, JOEL | § | |
| ZAMORA, JORGE FERNANDO BRIONES | § | |

**DEFENDANTS' CAMERON COUNTY, TEXAS and CONRADO CANTU, IN HIS OFFICIAL CAPACITY AS SHERIFF OF CAMERON COUNTY, TEXAS, RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME DEFENDANTS CAMERON COUNTY, TEXAS and CONRADO CANTU, in his official capacity as SHERIFF OF CAMERON COUNTY, TEXAS in the above styled and numbered matter, and file this their Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Petition and in support thereof show the following:

I.

**STATEMENT OF THE CASE**

Plaintiff alleges that during her period of incarceration at the Cameron County jail in September and October of 2001, she was visited by Jorge Fernando Briones. Plaintiff alleges she visited with Briones and that Briones made sexual advances toward her. No physical activity between plaintiff and Briones is alleged. Plaintiff claims that Briones represented to be able to arrange for a reduction in her sentence in exchange for sexual favors. Plaintiff makes conclusory allegations that

Defendant Cantu and Joel Zamora had knowledge of Briones' behavior and thereby furthered an alleged conspiracy to allow sexual activity at the jail.

Plaintiff brings suit against these Defendants, Cameron County, Texas and Conrado Cantu, in his official capacity as Sheriff of Cameron County, Texas, alleging Abuse of Office, Official Oppression, a conspiracy to further Improper Sexual Activity with Person in Custody and violations of civil rights under 42 U.S.C. § 1983 pursuant to the Fourteenth Amendment of the Constitution of the United States of America. Defendants contend that plaintiff has failed to state a claim upon which relief can be granted and that her allegations are conclusory in nature. Defendants also deny each assertion contained in plaintiff's petition.

## II.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

Defendants move to dismiss the plaintiff's claims based on failure to state a claim upon which relief can be granted. The Court must accept plaintiff's allegations as true and must review them in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff fails to state claims for which relief can be granted. Accordingly, her lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988). Dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

### III.

### ARGUMENT AND AUTHORITY

A. <u>Suing Defendant Conrado Cantu, in his Official Capacity as Sheriff of Cameron County, Texas is Equivalent to Suing Cameron County</u>

Plaintiff has brought multiple claims, including a section 1983 action against Defendant Conrado Cantu, in his official capacity as Sheriff of Cameron County, Texas. A suit for damages against a local government official in his or her official capacity is a suit against the local governmental entity itself. *Brandon v. Holt*, 469 U.S. 464 (1985). Therefore, by suing Defendant Conrado Cantu, in his official capacity as Sheriff of Cameron County, Texas, plaintiff is in essence bringing suit against Defendant Cameron County which has already been named as a separate

3

defendant in this action. Plaintiff cannot recover damages from Defendant Cantu in his official capacity as Sheriff, as claims for these damages, if any, properly lie solely with Defendant Cameron County. Accordingly, Plaintiff's claims against Defendant Cantu, in his official capacity only, should be dismissed.

A.  **Plaintiff Failed to Properly Allege a Policy, Practice or Custom Claim Against Defendants Cameron County and Conrado Cantu**

A governmental entity such as Defendant Cameron County can only be held liable under section 1983 if some official policy, custom or practice "causes" the alleged constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978). Such official policy, custom or practice is evident if there are "numerous prior incidents" showing "systemic" violations of constitutional rights. *Hererra v. Valentine*, 653 F.2d 1220 (8th Cir. 1981) (emphasis added); *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc). In addition, this systemic and widespread pattern of numerous prior incidents must have affirmatively caused the constitutional injury of which the plaintiff has complained. *Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981). The Fifth Circuit has also stated that to properly state a claim under 42 U.S.C. § 1983, Plaintiffs must allege specific facts, not merely conclusory allegations of such a pattern. *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). See also *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff asserted each of her separate allegations, including Abuse of Office, Official Oppression, and a conspiracy to further Improper Sexual Activity with Person in Custody in her civil

rights claim pursuant to section 1983. Each of plaintiff's allegations contained in her original petition are nothing more than conclusory statements and allegations without any specificity of actual proof or facts. Plaintiff has failed to allege how Defendant County had an official policy or custom which furthered a conspiracy to allow Briones "to have special access to female inmates for the purpose of arranging sexual activity." See Plaintiff's Original Petition. Moreover, other than by asserting a conclusory allegation that Defendant Cantu had knowledge about Briones' alleged conduct, Plaintiff failed to allege how such acts constituted a policy, practice or custom of Defendant County.

Plaintiff has not alleged that the facts present in this case are so widespread, pervasive and well settled that such acts constitute official policy of Defendant County which deprived plaintiff of her constitutional rights. Likewise, plaintiff's conclusory allegations about Defendant Cantu's knowledge of Briones' conduct are insufficient to state a claim. Conclusory allegations are not sufficient to withstand a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Accordingly, Plaintiff's petition should be dismissed in its entirety.

C.   **Conspiracy Claim**

Plaintiff has alleged a conspiracy, but she did not specifically assert Title 42 U.S.C. § 1985. The plaintiff has failed to allege sufficient facts to state a section 1985 conspiracy claim against Defendant County and Defendant Cantu in his official capacity. To successfully assert a claim under § 1985(3), "a plaintiff must plead the operative facts upon which his claim is based, more than conclusory allegations." *Irwin v. Veterans Administration*, 874 F.2d 1092, 1095 (5th Cir. 1989), aff'd, 498 U.S. 89, 112 L. Ed. 2d 435, 111 S. Ct. 453 (1990) (citing *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987)). To state a claim under § 1985(3), the plaintiffs must allege: (1) a conspiracy

5

involving two or more persons; (2) for the purpose of depriving, either directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of that conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649,652-53 (5th Cir. 1994) *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03,29 L. Ed. 2d 338,91 S. Ct. 1790 (1971)). Plaintiff merely alleges that Defendant Cantu had knowledge of Briones' conduct without stating any supporting facts or evidence. Therefore, Defendants request the Court to dismiss the conspiracy allegations against Defendant County and Defendant Cantu in his official capacity.

D.     Texas Tort Claims Act

In addition to her civil rights claim, plaintiff has asserted Abuse of Office, Official Oppression, and a conspiracy to further Improper Sexual Activity with Person in Custody. To the extent plaintiff is attempting to assert negligence or some type of intentional tort, Defendant County and Defendant Cantu in his official capacity are entitled to sovereign immunity. Plaintiff has failed to allege a suit under the Texas Tort Claims Act. The Defendants are entitled to all the protection, rights, immunities, and defenses pursuant to the Texas Tort Claims Act. Accordingly, plaintiff's claims for Abuse of Office, Official Oppression, and a conspiracy to further Improper Sexual Activity with Person in Custody should be dismissed against Defendant Cameron County, Texas and Conrado Cantu, in his official capacity as Sheriff of Cameron County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendants, Cameron County, Texas and Conrado Cantu, in his official capacity as Sheriff of Cameron County, Texas, Texas pray that upon

hearing, the Rule 12(b)(6) Motion to Dismiss be granted and that plaintiffs take nothing by their suit, that these defendants recover all costs incurred herein and that these defendants have such other and further relief at law or in equity, which they may show themselves to be justly entitled.

Signed on this 9th day of October, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Roman "Dino" Esparza
USDC No. 22703
Charles Willette, Jr.
USDC No. 1937
**ATTORNEYS FOR DEFENDANTS CAMERON COUNTY, TEXAS and CONRADO CANTU, in his official capacity as SHERIFF OF CAMERON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this **DEFENDANTS' CAMERON COUNTY, TEXAS and CONRADO CANTU, IN HIS OFFICIAL CAPACITY AS SHERIFF OF CAMERON COUNTY, TEXAS, RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION** has on October 9, 2003, been forwarded via certified mail, return receipt requested to:

**_Via CMRRR 7002 3150 0002 0965 0978_**
Ms. Rebecca E. Rubane
ATTORNEY AT LAW
2355 Barnard Road, Suite C
Brownsville, Texas 78520

_____
Roman "Dino" Esparza